# Exhibit 6

Final Rejection Letter from IRS Appeals Officer suggesting that we file a case against them at the United States Court of Federal Claims, since they also verbally told us the only reason for rejecting was that while I was deathly sick for years and unable to file on time (which they agreed to) my joint-filing Spouse was and their rules prevented them to allow the (Donna Chu) appeal. However they felt strongly that your court had the authority to effectively waive such a rule, since their hands were tied, and that they would support the court looking favorably upon my situation, and that the large sum was well worth the effort to file a lawsuit.

Dated: Sep 24, 2021



**Department of the Treasury
Internal Revenue Service
Independent Office of Appeals**
1040 Waverly Avenue
Stop 906
Holtsville, NY 11742

Date: September 24, 2021

Person to contact:
  Name: Varghese Thomas
  Employee ID Number: 1004002611
  Phone: 631-977 6512
  Fax: 855-257 9540
  Hours: Mon-Fri 8:00am-4:00pm(EST)
Re:
  Income Tax Refund Claim
Form number:
  1040
Tax periods ended:
  12/2014
Amount of claim:
  $52,271.72

DONNA F CHU & SUBRAMANIAN SUBBIAH
104 ELM ST
MENLO PARK, CA 94025

Dear Ms. Chu & Mr. Subbiah

We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of tax and/or penalty. The information you submitted provided no basis to allow any part of your claim.

If you want to bring suit or proceeding for the recovery of any tax, penalties, or other moneys, you can file suit with the United States District Court having jurisdiction or the United States Court of Federal Claims. Generally, you must do this within two years from the date on the letter denying your claim, which the Holtsville Office mailed to you on 01/21/2020. However, if you signed a Form 2297, Waiver of Statutory Notification of Claim Disallowance, the two-year period began on the date you filed that waiver.

For additional overpayment interest, you must file suit within six years from the date of the original scheduled overpayment, in accordance with Title 28 of the United States Code Sections 2401, Time for Commencing Action Against the United States, and 2501, Time for Filing Suit. Your six-year period hasn't been shortened or extended by the filing of your claim or by our reconsideration of your claim.

Please note: Your two-year period hasn't been shortened or extended by our reconsideration of your claim.

At the conclusion of the Appeals process, an authorized vendor may contact you to perform an Appeals customer satisfaction survey. Your participation is voluntary and the survey will not ask for personal or financial information of any kind. We'll use the results of the survey to improve the Appeals process and our service to taxpayers. See the Customer Satisfaction Survey page at www.irs.gov/uac/customer-satisfaction-surveys to learn more about IRS-sponsored surveys and for a list of current and recent vendors.

If you have questions, contact the person at the top of this letter.

Sincerely,

*Susan M. Faron*

Susan M Faron
Appeals Team Manager

Letter 2681 (Rev. 7-2020)
Catalog Number 49205B