UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUBRAMANIAN SUBBIAH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 22-cv-00457-JSW<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 9 |

Now before the Court is the motion to dismiss filed by Defendant Internal Revenue Service ("Defendant") and set to be heard on July 29, 2022, at 9:00 a.m. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing and DENIES Defendant's motion to dismiss.

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the basis that the complaint, filed by pro se plaintiffs Subramanian Subbiah and Donna Chu (individually, "Subbiah" and "Chu" and collectively, "Plaintiffs") for payment of their 2014 tax refund, was late-filed by one business day. It is clear from the record that the complaint in this matter was filed in-person and received by the Court on January 21, 2022. (*See* Dkt. No. 17 at 26.) This date is within the pertinent two-year statute of limitations. *See* 26 U.S.C. § 6532(a)(1). It is therefore timely.

1  Defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for
2  failure to state a claim upon which relief can be granted on the basis that Plaintiffs were untimely
3  in the filing of their administrative claim before the IRS.  *See* 26 U.S.C. § 6511(a).  Plaintiffs
4  concede that they did not seek repayment of their 2014 tax refund within the three years required
5  by this provision of the statute.

6  However, they claim that Subbiah was incapacitated by severe ill health and Chu was
7  incapacitated by her lack of knowledge of the couple's finances as well as her own financial and
8  time constraints during the relevant time period.  Plaintiffs here claim to appeal the IRS's
9  administrative denial of their claim for refund on the basis that they should have been excepted
10  from the IRS's strict time requirements based on financial disability.  *See* 26 U.S.C. §
11  6511(h)(2)(A).  Should this exception apply, the running of the statutory period would be
12  "suspended during the period of such individual's life that such individual is financially disabled."
13  26 U.S.C. § 6511(h)(1).

14  Without making a determination of the merits of their claims, pursuant to Federal Rule of
15  Civil Procedure 12(b)(6), the Court finds that Plaintiffs have met their burden to provide sufficient
16  grounds for their entitlement to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);
17  *see also Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986) (holding that when considering a
18  motion to dismiss, a court construes the complaint in the light most favorable to the non-moving
19  party and accepts all material allegations in the complaint as true).

20  Accordingly, Defendant's motion to dismiss is DENIED.  The Court HEREBY SETS a
21  case management conference for September 23, 2022, at 11:00 a.m.  The Court exhorts the parties
22  to meet and confer and to file jointly if possible.  Regardless, any case management statement(s)
23  shall be filed by no later than 1:00 p.m. on Friday, September 16, 2022.

24  **IT IS SO ORDERED.**
25  Dated:  July 22, 2022

JEFFREY S. WHITE
United States District Judge